**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONARD J. PORTO III,

        Plaintiff-Appellant,

  v.

CITY OF LAGUNA BEACH and JOHN PIETIG,

        Defendants-Appellees.

No.    14-56079

D.C. No.
8:12-cv-00501-DOC-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,[**] District Judge.

Plaintiff-Appellant Leonard J. Porto III filed this suit for damages and prospective relief in 2012.  At the time, he was homeless and living in his car in Laguna Beach, California.  Among his other claims, Porto challenged two policies

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

of the City of Laguna Beach (the City) as unconstitutional: the criteria used to grant priority to local residents seeking scarce spots at the City's homeless shelter (the Locals Criteria), and an ordinance, L.B.M.C. § 8.30, that criminalized sleeping or camping in public areas (the Anti-Camping Ordinance). The district court dismissed Porto's challenge to the Anti-Camping Ordinance for lack of standing and granted summary judgment to the Defendants-Appellees on Porto's challenge to the Locals Criteria, also for lack of standing. Porto timely appealed these decisions in July 2014 and has abandoned his other claims on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

During appellate briefing, we granted the Defendants-Appellees' request for judicial notice of two declarations by Porto that were filed in an unrelated lawsuit. *See* Dkt. No. 43. In these declarations, executed under penalty of perjury in January and October 2016, Porto states that he is no longer homeless. Porto now concedes that his claims for prospective relief are moot. *See Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999) (en banc). Accordingly, only his claims for damages remain before us.

In order to establish Article III standing to challenge either of the City's policies, Porto must show that he has suffered "(1) an injury in fact that (2) is fairly traceable to the challenged conduct and (3) has some likelihood of redressability." *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 908 (9th Cir. 2011). Porto lacks standing

to challenge the Locals Criteria because he suffered no injury in fact traceable to that policy. In his second 2016 declaration, he states that, for several reasons including the "the inability to leave the shelter during the evening" and "dirty and chaotic conditions," he never entered the lottery to sleep at the shelter. He describes "the prospect of sleeping inside the shelter" as "intolerable" and says that living in his car was "a much better choice for [him]." Additionally, on several occasions Porto was denied a space at the shelter because he refused to sign a registration form containing a waiver of liability, which he stated he would never sign under any circumstances. As such, Porto has failed to show that the Locals Criteria forced him to compete for a space at the shelter "on an unequal basis." *See Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 707 (9th Cir. 1997) (quoting *Bras v. Cal. Pub. Utils. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995)). On the contrary, Porto's inability to tolerate conditions at the shelter and his refusal to sign the registration form prevented him entirely from sleeping at the shelter. He therefore lacks standing to challenge the Locals Criteria as unconstitutional.

Porto argues that he has standing to challenge the Anti-Camping Ordinance even though he was never arrested, charged, or convicted under that ordinance. He alleges that police officers sometimes shone lights into his car at night, which woke him up; however, there is no indication that the police were acting pursuant to the ordinance, and officers do not need probable cause to shine a flashlight into

3

a car.  *See Texas v. Brown*, 460 U.S. 730, 739–40 (1983) (plurality opinion).  On one occasion, Porto was awoken by an officer who issued him a form marked "Administrative Citation," which stated that Porto had violated the Anti-Camping Ordinance; however, the officer checked the box marked "Courtesy Notice of Municipal Code Violation," which specified that "[n]o fines are being assessed at this time."  In the absence of any injury in fact which is fairly traceable to the Anti-Camping Ordinance, Porto lacks standing to challenge that ordinance as unconstitutional.

**AFFIRMED.**